UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
═══════════════════════════════════════════════════════════
VIET GRAGG,

               Plaintiff,

    -v-                            5:03-CV-904 (NPM / DEP)

INTERNATIONAL MANAGEMENT
GROUP (UK), INC., IMG WORLDWIDE,
INC., IMG ARTISTS LLC; INTERNATIONAL
MANAGEMENT GROUP (OVERSEAS), INC.;
And BRAND DNA,

               Defendants.

═══════════════════════════════════════════════════════════

| APPEARANCES: | OF COUNSEL: |
|---|---|
| OFFICE OF ROBERT C. KILMER | ROBERT C. KILMER, ESQ. |
| Attorney for Plaintiff | |
| 1220 State Street, Suite 220 | |
| Binghamton, NY 13901 | |

NEAL P. McCURN, Senior District Court Judge

<u>MEMORANDUM-DECISION AND ORDER</u>

      This is an action by the plaintiff Viet Gragg ("Gragg") seeking monetary

damages and injunctive relief.  Gragg alleged in his second amended complaint

(Doc. No. 129) that this action arose from a scheme to defraud him by defendants

International Management Group (UK), Inc., International Management Group

Worldwide, Inc., International Management Group Artists, LLC, International

Management Group (Overseas), Inc., and Brand DNA (collectively, "defendants").

A settlement was reached between Gragg and the IMG defendants on March 3, 2008, and a stipulation of dismissal with prejudice was ordered by a magistrate judge of this court on March 14, 2008 (Doc. No. 319).

Currently before the court is Gragg's unopposed motion for default judgment against defendant Brand DNA (Doc. No. 321).  In his second amended complaint, Gragg alleged four causes of action against Brand DNA.  Gragg asserted (1) a RICO violation;  (2) breach of fiduciary duty; (3) misappropriation; and (4) unfair competition.  For the reasons set forth below,  Gragg's motion for default judgment will be granted.

## I.      BACKGROUND

Familiarity with the procedural history and facts of this lengthy and convoluted litigation is presumed, pursuant to the numerous decisions previously rendered by this court, and only the pertinent facts necessary to resolve the instant motion follow.  Plaintiff filed his complaint against defendants on July 18, 2003 (Doc. No. 1).  Brand DNA was personally and timely served Gragg's second amended complaint (Doc. No. 129) as evidenced by the affidavit of service attached to Gragg's current motion as Exhibit A (See also Doc. No. 162), but Brand DNA failed to plead or otherwise raise a defense as provided for in the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").  Gragg filed an application

for entry of default against Brand DNA on August 2, 2005 (Doc. No. 163).  The

Clerk of the Court entered a default as to Brand DNA on August 3, 2005 (Doc.

No. 164).

## II.   DISCUSSION

### A.   Standard for Default Judgment

Fed. R. Civ. P. Rule 55(a) states in pertinent part that "[w]hen a party

against whom a judgment for affirmative relief is sought has failed to plead or

otherwise defend as provided by these rules and that fact is made to appear by

affidavit or otherwise, the clerk shall enter the party's default." Fed. R. Civ. P.

55(a) (West 2008).  "The procedural steps contemplated by the Federal Rules ...

following a defendant's failure to plead or defend ... begin with the entry of a

default upon a plaintiff's request." Meehan v. Snow, 652 F.2d 274, 276 (2d Cir.

1981).  "Then, pursuant to Rule 55(c), the defendant has an opportunity to seek to

have the default set aside.  If that motion is not made ..., and no hearing is needed

to ascertain damages, judgment by default may be entered by the court, or, if the

defendant has not appeared, by the clerk. " Id.

Judgment by default is one of the most severe sanctions which the court

may apply, and "its use must be tempered by the careful exercise of judicial

discretion to assure that its imposition is merited.  However, where one party has

3

acted in willful and deliberate disregard of reasonable and necessary court orders

and the efficient administration of justice, the application of even so stringent a

sanction is fully justified and should not be disturbed." <u>Trans World Airlines, Inc.</u>

<u>v. Hughes</u>, 332 F.2d 602, 614 (2d Cir. 1964).

In determining the award of damages in a default judgment, the court looks

to Rule 55 of the Federal Rules, which states in pertinent part that

(b) Entering a Default Judgment.

 (1) By the Clerk. If the plaintiff's claim is for a sum certain or a sum
that can be made certain by computation, the clerk--on the plaintiff's
request, with an affidavit showing the amount due--must enter
judgment for that amount and costs against a defendant who has been
defaulted for not appearing and who is neither a minor nor an
incompetent person.

(2) By the Court. In all other cases, the party must apply to the court
for a default judgment ....  If the party against whom a default
judgment is sought has appeared personally or by a representative,
that party or its representative must be served with written notice of
the application at least 3 days before the hearing. The court may
conduct hearings or make referrals--preserving any federal statutory
right to a jury trial--when, to enter or effectuate judgment, it needs to:

(A) conduct an accounting;
(B) determine the amount of damages;
(C) establish the truth of any allegation by evidence; or
(D) investigate any other matter....

Fed.R.Civ.P. Rule 55 (West 2008).

However, allegations in a complaint and an affidavit of plaintiff's counsel

asserting the amount of damages sustained by the plaintiff, with nothing more, is insufficient evidence upon which to ascertain the damage award. Credit Lyonnais Securities (USA), Inc. v. Alcantara, 183 F.3d 151, 154-55 (2d Cir. 1999). "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." Id. (internal citations omitted).

### B.   Application of the Law to the Facts of this Case

As a threshold matter, and for reasons known only to Brand DNA, that entity has not attempted to defend itself in the present action, nor has it attempted to seek relief from the default entered by the Clerk of the Court. Based on the evidence before it, this court opines that Brand DNA has had sufficient notice of the present litigation.

The court finds that Brand DNA has willfully and deliberately failed to plead or defend its interest in this action. Further, as stated supra, Brand DNA has not moved this court to set aside the default issued by the Clerk on August 3, 2005 (Doc. No. 164). Accordingly, default judgment will enter against Brand DNA.

Because Brand DNA has never appeared in this action, either personally or

5

by a representative, this court is left without the option set forth in Rule 55(b)(2), the ability to notify Brand DNA of a hearing, and to summon both parties to a hearing to determine damages.  In addition, because Gragg and the IMG defendants reached settlement in this action, with said settlement documents under seal, Gragg's allegations have not been adjudicated by this court or by a jury. Consequently, the court is disadvantaged by having before it only Gragg's demand for damages of $14,117,890.00.  Accordingly,  after reviewing the information that Gragg has provided in support of his claim for damages, the court concludes that it has insufficient evidence upon which to base an award of damages. Therefore, the court finds it necessary to schedule a hearing regarding this issue.

## III.   CONCLUSION

For the reasons set forth supra, the court hereby GRANTS Gragg's motion for default judgment as against Brand DNA (Doc. No. 321). In addition, the court hereby directs Gragg to contact this court to arrange a date and time for a hearing on the issue of damages.

SO ORDERED.

July 1, 2008.

_____

Neal P. McCurn
Senior  U.S. District Judge

6